IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| John E. Miller,<br><br>    Plaintiff,<br><br>v.<br><br>Wells Fargo Bank, NA,<br><br>    Defendant. | C.A. No.: 3:23-cv-5408-SAL<br><br>**NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, defendant Wells Fargo Bank, NA ("**Wells Fargo**") removes the above-captioned action from the Court of Common Pleas for Richland County, South Carolina to the United States District Court for the District of South Carolina, Columbia Division. Wells Fargo is entitled to removal pursuant to 28 U.S.C. §§ 1331 and 1367 based on federal question jurisdiction and supplemental jurisdiction. As grounds in support of this Notice of Removal, Wells Fargo shows the Court as follows:

1. On September 21, 2023, Plaintiff John E. Miller ("**Plaintiff**") filed a Complaint against Wells Fargo in the Court of Common Pleas, County of Richland, State of South Carolina, under Case No. 2023-CP-40-04967 ("**State Court Action**").

2. Plaintiff's Complaint alleges unauthorized transactions were made from his checking account and that Wells Fargo failed to properly investigate his dispute. (Compl., ¶¶ 21-23). Based on these facts, Plaintiff asserted claims for violating the Electronic Funds Transfer Act, 15 U.S.C. § 1693 et seq. ("EFTA") and Relegation E (failure to apply limit of liability), Violation of the EFTA and Regulation E (failure to comply with error resolution procedures), Improper Payment / Debit of Account, and Negligent Banking.

3. The Summons and Complaint, copies of which are included in **Exhibit A**, were served on Wells Fargo on September 29, 2023.

4. This Notice of Removal is filed within 30 days of service on Wells Fargo in accordance with the provisions of 28 U.S.C. § 1446(b).

5. The time for filing a responsive pleading in the State Court Action has not expired as of the filing of this Notice of Removal.

6. This Court has original jurisdiction of this action under 28 U.S.C. §1331. Plaintiff's Complaint includes claims for violating the EFTA and its implementing regulations, Regulation E (12 C.F.R. § 205 et seq.). Plaintiff's Complaint, therefore, presents a federal question within the meaning of 28 U.S.C. § 1331, as it arises under the laws of the United States.

7. This Court has supplemental jurisdiction over Plaintiff's remaining claims for "improper payment / debit of account" and negligent banking because these causes of action relate to the same activity that underlie Plaintiff's federal claims. Plaintiff's claims all concern the allegedly unauthorized charges and Wells Fargo's improper response to Plaintiff's notification of the allegedly unauthorized charges. Plaintiff's state-law claims are "so related to the claims in the action within [this Court's] original jurisdiction that they form part of the same case or controversy" and, as a result, fall within this Court's supplemental jurisdiction as provided under 28 U.S.C. § 1367(a); see also 28 U.S.C. § 1441(c) (providing that "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein.").

8. In accordance with 28 U.S.C. §§ 1441(a) and 1441(c), venue of the removal action is proper in this Court because it is in the district and division embracing the place where the state court action is pending.

9.      In accordance with 28 U.S.C. § 1446(d), promptly after the filing of this Notice of Removal, Wells Fargo will give written notice of the removal to Plaintiff and will file a copy of this Notice of Removal with the Clerk of Court of Common Pleas, County of Richland, State of South Carolina.

10.      Nothing containing in this Notice of Removal, or accompanying papers, must be interpreted, or intended, to waive or relinquish any of Wells Fargo's rights to assert any defense or affirmative matter. By filing this Notice of Removal, Wells Fargo does not waive its right to assert (1) improper venue, (2) insufficient service of process, (3) failure to state a claim, (4) failure to join a party under Rule 19, or (5) any other pertinent defense available under Rule 12 of the South Carolina and Federal Rules of Civil Procedure.

WHEREFORE, Wells Fargo gives notice that this action is removed to the United States Court for the District of South Carolina, Columbia Division.

Dated: October 27, 2023

/s/ Jason D. Wyman
S. Sterling Laney, III (Federal ID No. 6255)
Jason D. Wyman (Federal ID No. 11294)
WOMBLE BOND DICKINSON (US) LLP
500 South Main Street, Suite 400
Greenville, South Carolina 29601
Telephone: (864) 255-5400
Email:  Sterling.Laney@wbd-us.com
          Jason.Wyman @wbd-us.com

*Attorneys for Defendant Wells Fargo Bank, N.A.*